| | | |
|---|---|---|
| **ANDREW BRADLEY TOWBIN** | * | **NO. 2026-CA-0152** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **JOHN T. FULLER AND** | * | **FOURTH CIRCUIT** |
| **DARREN P. LOMBARD IN HIS** | | |
| **OFFICIAL CAPACITY AS** | * | **STATE OF LOUISIANA** |
| **CLERK OF COURT FOR** | | |
| **CRIMINAL DISTRICT COURT** | * | |
| **FOR THE PARISH OF** | | |
| **ORLEANS** | * | |

* * * * * * *

*RLB*

**BELSOME, C.J. DISSENTS AND ASSIGNS REASONS.**

I respectfully dissent from the for the reasons that follow.

In this case, we are called upon to determine whether or not the Appellant meets the qualifications to remain in the contest for a district judgeship.

The requirements for a district judgeship are few and are set forth in La. Const. art. V, § 24:

> Section 24. (A) A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
>  . . .

> (2) For a district court, . . . eight years.

> (B) He shall not practice law.

If this same question were posed relative to a federal election, the answer would be simple. The U. S. Supreme Court has held, "we reaffirm that the qualifications for service in Congress set forth in the text of the Constitution are "fixed," at least in the sense that they may not be supplemented by Congress." *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 798, 115 S. Ct. 1842, 1852, 131 L. Ed. 2d 881 (1995). In short, the federal legislative branch is not permitted to add any requirements for candidacy beyond those set forth in the U. S. Constitution.

1

In our state, we have never addressed whether our legislative branch may impose constraints on candidacy beyond those of our constitution.[1]

There is, however, a universally accepted principle that, "election laws must be interpreted to give the electorate the widest possible choice of candidates." *Collins v. Chambers*, 2024-01005, p. 3 (La. 8/20/24), 390 So. 3d 1282, 1285. This principle must guide us to interpret La. R.S. 18:463(A)(2)(iv) as strictly as possible so that it is not used to narrow the choice of candidates. The portion of the statute on which Appellee's petition is based provides that:

> (iv) Except for a candidate for United States senator or representative in congress, that for each of the ***previous*** five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

La. R.S. 18:463(A)(2)(iv)(emphasis added).

Appellant signed the certification as required, but Appellee contends that the certification is false because Appellant did not file a tax return for the tax year 2020. In support of that assertion, Appellee introduced, at trial, an affidavit from Brandea P. Averett, Public Records Custodian of the Louisiana Department of Revenue. The affidavit states, in pertinent part, that:

> On February 19, 2026, the Department received a public records request seeking confirmation of whether Taxpayer has filed tax returns with the Department for the preceding five (5) years. . . . In response to that request, the Department issued a written response, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.
> . . .
>
> As reflected in Exhibit A, the status of the Taxpayer's Louisiana individual income tax account with the Department for the five years listed below is as follows:

---

[1] We are constrained from examining that issue here as neither party has pled a constitutional challenge to the statute at issue.

| Tax Filing Years | Confirmation of Tax Filing | |
|---|---|---|
| | YES | NO |
| 2020 | ☐ | ☒ |
| 2021 | ☒ | ☐ |
| 2022 | ☒ | ☐ |
| 2023 | ☒ | ☐ |
| 2024 | ☒ | ☐ |

The record does not contain the written request made on Appellee's behalf. The wording of that request is critical because it may have played a part in shaping LDR's response. In any event, it is clear that the affidavit does not attempt to define the word, "previous," as it is used in La. R.S. 18:463 nor would such a request fall within the ambit of LDR's duties. LDR deals with collecting the funds due from citizens based on provisions of tax law. The affidavit in question is not a legal opinion formed after the study of the laws involved in this electoral dispute. The interpretation of laws is the province of the courts, not the un-elected bureaucrats or computers who serve the needs of a tax collection agency. The extent of the information requested by Appellee is unknown from the record and there is no opinion from the LDR to which our court system might defer.

The question addressed to us on this appeal is whether the previous five tax years include 2020. La. R.S. 1:3 is the guide for interpretation of statutes. It provides, in pertinent part, that:

> Words and phrases shall be read with their context and *shall be construed according to the common and approved usage of the language.* Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

The operative word in the statute, as it pertains to this dispute, is "previous." It is not a term of art in the law to which a "peculiar" meaning is assigned. Therefore, we look to ordinary dictionary definitions. In three widely respected dictionaries, the following definitions are ascribed:

> [G]oing before in time or order . . . Merriam-Webster;[2]
>
> [H]happening or existing before something or someone else . . . Cambridge Dictionary;[3]and
>
> [H]appening or existing before the event or object that you are talking about . . . Oxford Dictionary[4]

Appellant's tax return shows that his tax year is consistent with the calendar year. Therefore, his current tax year is 2026. The five years "going before in time order" are 2021 through 2025. To find otherwise would be to stress the definition of previous as it is customarily understood.

It is undisputed that Appellant filed tax returns for the years 2021, 2022, 2023 and 2024. The record does not reflect whether he filed a return for his 2025 tax year. Whether Appellant filed a return for 2025 or not is irrelevant because he is not required to file a return to the LDR until May 15, 2026. La. R.S. 18:463(A)(2)(iv) demands that a candidate certify that "he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, *or was not required to file* either a federal or state income tax return or both."

The fact that Appellant was not yet required to file a tax return for 2025 does not alter the definition of the phrase "previous years." Appellant's notice of candidacy was filed on February 13, 2026. This date is not in dispute. Under the commonly understood words of the applicable statutes, Appellant's five previous tax years do not include 2020.

The statute that gives Appellee the right to file his challenge to Appellant's candidacy provides in pertinent part:

> An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

---

[2] https://www.merriam-webster.com/dictionary/previous
[3] https://dictionary.cambridge.org/us/dictionary/english/previous
[4] https://www.oxfordlearnersdictionaries.com/us/definition/american_english/previous

. . .

(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

It is well settled that the plaintiff in an election challenge bears the burden of proving that the candidate did not comply with La. R.S. 18:463. *Landiak v. Richmond*, 2005-0758, pp. 6-7 (La. 3/24/05), 899 So. 2d 535, 541. A fair reading of La. R.S. 18:463 and La. R.S. 18:492 and a review of the record as a whole shows that the trial court was manifestly erroneous in finding that Appellee met his burden of proof. I would reverse the trial court and reinstate Appellant's candidacy.